UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:16CR00632-015JMC |
| | ) | |
| vs. | ) | MOTION FOR VARIANCE |
| | ) | 18 U.S.C. § 3553(a) AND |
| RENEE CARROLL | ) | SENTENCING MEMORANDUM |

## MOTION

Now comes the defendant, Renee Carroll, by and through her undersigned counsel, and moves this Honorable Court for a variance below the recommended guideline range of imprisonment. Paragraph 76 of the Presentence Report recommends a guideline range of 30-37 months imprisonment based on a total offense level of 19 and a criminal history category of I. Paragraph 79 of the presentence report notes that should the Court adopt the stipulation set forth in paragraph 10 of the written plea agreement, the total offense level is 17 and a criminal history category I, the recommended guideline range is 24-30 months.

## SENTENCING MEMORANDUM

The defendant further submits the incorporated Sentencing Memorandum in support of this motion.

## BACKGROUND

Renee Carroll was born on December 15, 1986, and is currently 31 years old. She was born in Augusta, Georgia, and was raised by her parents in the North Augusta area of South Carolina. She has never married. She has two dependent children from a relationship with John Mulholland. They are: Danielle Carroll, daughter, age 16; and Brody Mulholland, son, age 9. Ms. Carroll is very close with most family members including her parents and siblings.

## ARGUMENT

In *United States v. Booker*, the United States Supreme Court explicitly held that the United States Sentencing Guidelines are merely advisory. 543 U.S. 220 (2005). While District Courts must consult these guidelines when sentencing a defendant, the Courts likewise are bound to follow the provisions of 18 U.S.C. § 3553 *United States v. Green*, 436 F.3d 449 (4th Cir. 2006). The guidelines must be considered first, but they may be rejected based on other factors such as the need for the specific sentence to fulfill the statutory purposes of sentencing.

18 U.S.C. § 3553(a) directs the Court to impose "a sentence sufficient, but not greater than necessary" to comply with the purposes of sentencing enumerated in § 3553(a).

In this case, the first two factors set forth in 18 U.S.C. § 3553(a) are key to a sentencing determination for Ms. Carroll and justify consideration of a below guideline sentence. Specifically, the first two factors are set forth as follows:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed-

   (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B)   to afford adequate deterrence to criminal conduct;

   (C)   to protect the public from further crimes of the defendant; and

   (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 USC § 3553(a)-(b).

2

A.  **The history and characteristics of Ms. Carroll warrant a variance to the recommended sentencing guidelines in this case.**

Ms. Carroll was born into what is widely known as the Irish Travellers community. They are often misidentified as Gypsy or Roma and are in fact similar in some aspects yet distinctly different in others. Most members of the Irish Travellers reside in Murphy Village, a community or neighborhood made up exclusively of Irish or Irish decent residents. Murphy Village is essentially a self-contained community. A strict social order and tradition that dates back centuries is ingrained in members from birth.

A large part of the social norm within the Irish Travellers community is the distinct roles of men and women. Men often travel the region in order to seek work in construction, painting, landscaping, and other manual labor service type jobs. In contrast, women generally do not seek employment outside the home. There are few exceptions. Women are raised from early childhood to mimic and prepare for the role of homemaker, housewife and mother. Young girls and even infant girls are sometimes promised to other families for arranged marriages. Families still offer dowries in exchange for potential wives. The women in the community are taught to exclusively serve their husbands. They rarely marry outside the Irish Travellers community.

Children within the Irish Travellers families are raised outside traditional educational systems. Families remove young girls from school around the 6th grade, at around age 10. Boys are also discouraged from pursuing formal education but tend to remain in school somewhat longer than do girls. The defendant's family withdrew her from school during the 6th grade. The defendant has no additional formal education and never considered pursuing such.

Because the community places such a high value on marriage and bearing children Ms. Carroll suffered greatly. She gave birth to her first child, a daughter, at age 15. Because she was unmarried, the social stigma she suffered was immense. Irish Travellers often feel discriminated against by those outside their community, but the stigma from within the Irish Travellers community toward a 15-year-old unwed young mother was a heavy burden that few people outside her circumstances will ever experience. At age 22, and still unmarried, she gave birth to her second child, a son. The birth of her son again brought tremendous social pressures from within her insular community.

Since the birth of the defendant's children, she has attempted to be both mother and father to them. The biological father provides some amount of financial support, but has no real presence in the lives of his children.

The defendant's father became seriously ill in October 2016. He was diagnosed with pancreatic cancer, one of the most untreatable forms of cancer. He was fortunate to be a candidate for surgery to prolong his life. Ms. Carroll was the primary caregiver for her father as he recuperated from a very serious surgery and as he underwent follow up treatment. His most recent medical report indicates that cancer may have metastasized to the lower lobe of his right lung. In addition to being the primary caregiver for her sick father, she assists in caregiving for her autistic nephew, age 7. She actually moved in briefly with her sister and helped the family seek treatment for the child's autism. She and her nephew share a strong bond.

Ms. Carroll also is a volunteer in several programs administered by St. Edward's Catholic Church located in North Augusta.

Ms. Carroll has a criminal history score of zero, as reflected in paragraph 37 of the presentence report. In fact, her only arrest prior to the instant federal offense was for a misdemeanor shoplifting charge that occurred when the defendant was 17 years old. A lack of criminal history is an indicator of future successful rehabilitation. USSG Ch.4, Pt.A, intro. comment.

For over a year the defendant has complied with all conditions of bond. This fact is reflected in paragraph 21 of the presentence report. Since her release on August 30, 2016, Ms. Carroll has clearly demonstrated that she is amenable to successful supervision and continues to take that responsibility seriously.

Paragraph 9 of the written plea agreement indicates that the defendant will forfeit or pay $40,000 at sentencing which will more than satisfy the defendant's portion of restitution owed in the case. This agreement was entered into before the actual loss for which the defendant is responsible could be determined because the complexity of the case. The actual loss has since been determined to be $18,577 (PSR ¶¶ 27-28) which should be the appropriate figure the defendant is required to pay or forfeit.

## CONCLUSION

Ms. Carroll respectfully asks the Court to grant her motion for a downward variance of the lengthy sentence reflected in the presentence report. A sentence of probation for a length of time and with special conditions as the Court deems appropriate is respectfully requested. This sentence would achieve the sentencing objectives of 18 U.S.C. § 3553(a).

The defendant's unique personal background, lack of criminal history, full compliance while on bond supervision since August 2016, caregiver of her two dependent children and seriously ill father, support her request for a probationary sentence.

Respectfully Submitted,

/s/ Ryan L. Beasley
Ryan L. Beasley, #9162
Ryan L. Beasley, P.A.
416 East North Street
Greenville, SC 29601
T: (864)679-7777  F: (864)672-1406
rlb@ryanbeasleylaw.com

July 30, 2018
Greenville, SC