UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)    Criminal No: 2:16-cr-00632-008-JMC<br>)<br>Mary Rita Sherlock    )<br>_____) | |

**SENTENCING MEMORANDUM**

Mrs. Mary Rita Sherlock, by and through his attorney, pursuant to 18 U.S.C. 3553 (a) and 3661, presents the following arguments and relevant information for this Court to consider in determining the appropriate punishment to impose at sentencing. The overriding principle and basic mandate of the Section 3553 (a) requires District Courts impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in Section 3553 (a)(2) : retribution, deterrence, incapacitation, and rehabilitation. The Defendant asks this Court to sentence her on the basis of all relevant and accurate information to a reasonable sentence, as defined under Section 3553 (a).

**I. LIFE AND BACKGROUND OF MARY RITA SHERLOCK**

Mary Rita Sherlock was born in Nashville, Tennessee on May 17, 1957. She was raised by her parents Joe and Catherine Sherlock in Aiken, South Carolina. Her father has since passed away, and her mother Catherine lives with Mary and her family. Mary has three (3) brothers, two of whom are deceased (Tommy and Joe Riley). Her remaining brother Pete Riley (55) lives in Aiken, SC and is self-employed. Mary is married to Johnny Sherlock and their wedding took place

on September 24, 1976 in Aiken, SC. The couple remains married and the marriage produced five (5) children (Jim Sherlock (40), Cathy Sherlock (39), Natalie Sherlock (34), Thomas Sherlock (31), and Brandie McNally (28)). Mary and her husband currently live in North Augusta, SC at 25 Shannon Drive. Living at this residence are Mary, Johnny, Mary's mother, two of Mary's daughters (their spouses), and four (4) grandchildren. Mary reports that she went to school through the third (3rd) grade and has no other educational history. It was customary in the Irish Traveler Community to take children out of school at a young age during the time Mary attended school. That tradition is changing and Mary has high hopes that their grandchildren will attend college. She also reports that she has been a stay at home mother with no formal employment history. Mary, as well as her family, maintains a deep faith and attend Saint Edward's Catholic Church in North Augusta, South Carolina.

Mary is from an Irish Catholic family and was born into a family of Irish Travelers that continues to maintain those traditions. The majority of their traditions center on religion and family. The Irish Traveler community lives in close proximity to one another and often times in the same neighborhood. The men in the family are responsible for working and for financial care of the entire family. The women are home makers and raise the children. It is not uncommon for multiple generations of a particular family to live together and care for one another.

Mary has had severe health issues her entire life. She has described issues with breathing and pneumonia as a young child going into her teenage years. When she was in school, she recounts missing many days due to illness. She had an onset of joint pains and gout by the time she was in her mid-twenties that resulted in carpal-tunnel surgery. To this day joint, knee, and neck pain can be a daily issue for her. Mary had a kidney transplant at age of forty-seven (47)

that resulted from renal disease due to hypertensive nephrosclerosis. Currently her renal function is stable due to strict medical oversight and a daily immunosuppressive drug. Mary continues to suffer from numerous bouts with pneumonia that often times turn into hospitalization due to her weakened immune system. She also currently suffers from Mounier-Kuhn syndrome which result in her trachea and bronchi having dilation issues. Mary's health remains a huge concern for both her family and her attorney.

## II. GUIDELINE ISSUES

(A) Family Ties & Responsibilities

Pursuant to U.S.S.G 5H1.6, family ties and responsibilities are an appropriate ground for a downward departure where "the defendant's service of a sentence within the applicable guideline range will cause a direct loss of essential caretaking, or essential financial support, to the defendant's family." In looking closely at Mrs. Sherlock and the impact that she has on her family and with her immediate family that continue to reside in her home, it is easy to see that not only is she tasked with helping run an entire household with multiple generations, but she is also there for emotional and caretaking needs of her mother and grandchildren. In following the Irish Traveler traditions and customs, the women in the family play an integral role in establishing the tone for raising a family as well as caring for more than one generation under one roof. A departure is appropriate to address the loss of caretaking in the case for Mrs. Sherlock. U.S.S.G. 5H1.6 (n.1 (B)(iv). This issue could also be addressed by Mrs. Sherlock as a ground for a variance.

(B) Defendant's Health Concerns

Following United States v. Meyers 503 F.3d 676 (8th Cir. 2007), a Defendant's sentence was outside of the prescribed guideline range and was found to be appropriate when the most effective sentence was treatment and supervised released. As documented by numerous physicians, reported by Mary, as well as her family, Mrs. Sherlock has suffered countless severe health issues from a young age until present. One of the primary concerns I have had since representing Mary was ensuring that she maintained her health throughout and after the legal process of these indictments. This memo as well as the supplement that has been filed show the Court the vast amount of health issues, diagnoses, and medications that Mary has to take on a daily basis to help keep her as healthy as possible. We ask the Court to look at Mary's health issues as well as the supplemental package that has been filed to get a better understanding of Mary's health and what it takes on a daily basis to keep her medicated and out of the hospital. While considering a defendant's health status is not a typical grounds for variance or departure, we would ask the Court to follow case law that has been used in cases like United States v. Meyers as mentioned above as grounds for a departure from the guidelines or variance.

(C) Defendant's Pre-Trial Supervision

Mrs. Sherlock was fortunate to be allowed to remain on bond since her detention hearing at the onset of her case. She has cooperated fully with her probation officer. There has not been a time where she has not complied with probation, her bond, or direction from her attorney's office. She has been available and present every single time I have needed to speak with her about her health and her case. We respectfully ask the Court to consider how successful she was

while on bond and the measures she took to show the Court how serious she was about handling these charges in an appropriate manner.

(D) Defendant's Lack of Criminal History

Mrs. Sherlock is sixty (60) years of age, and she does not have a single conviction or arrest on her criminal history. In looking to United States v. Collington 461 F.3d 805 (2006), a sentencing Court was given much greater latitude to sentence outside the guideline range in examining a defendant's criminal history. We respectfully ask the Court to consider Mrs. Sherlock's lack of criminal history when it comes times to sentence.

### III. SENTENCING ISSUES

Following the PSI and pursuant to 18 U.S.C. 922(g)(1) & 924(a)(2) and (e) the statutory provisions state that the minimum sentence for Mrs. Sherlock is zero (0) years and the maximum sentence is twenty (20) years. Moving on to the guideline provisions, Mrs. Sherlock's case carries a total offense level of eighteen (18) and a criminal history category of I. Following these figures, the guideline range of punishment for Mrs. Sherlock lands her in the range of twenty-seven (27) months to thirty-three (33) months. Mrs. Sherlock's guideline provisions as listed in the PSI, land her in the Zone D area. She is extremely close to the threshold of Zone C by only a few offense levels.

The other statutory provisions that must be examined to go below the allotted Guideline provisions come to us from 18 U.S.C 3553(a)(2) which state that a punishment for a particular crime should 1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, 2) provide adequate deterrence of criminal conduct, 3) protect the public from further crimes of Mrs. Sherlock, and 4) provide Mrs. Sherlock with treatment/punishment in the

most effective manner.  Section 18 U.S.C. 3553(a) also states the following criteria must also be examined in determining a proper punishment for a defendant: 1) the nature and circumstances of the event and the history of Mrs. Sherlock, 2) the sentences that are available for Mrs. Sherlock, 3) need to avoid unwarranted sentence disparities between defendants with similar charges, and 4) the need to provide restitution for the particular crime.  The Court should also take into consideration the fact that imprisonment may not be the most appropriate way to rehabilitate and punish Mrs. Sherlock for this offense, that Mrs. Sherlock's age and place in life show that she is likely very low for recidivism on future criminal activity.  18 U.S.C. 3582(a), 18 U.S.C. 3661, and U.S.S.G. 5H1.

Since the ruling in Booker allows the Court to look at the Guideline provisions with the same weight as the 18 U.S.C. 3553(a) criteria, it is not necessary to strictly follow the sentencing format of the Guideline provisions.  The Guideline provisions appear to be advisory when tailoring an appropriate sentence for Mrs. Sherlock.  It has also been stated in United States v. Denardi 892 F.2d 269 (3rd Circuit 1989), that if the provisions of 3553(a) directly conflict with the Guideline provisions, that the sentencing factors of 3553(a) should trump the Guideline provisions when determining an appropriate sentence.  All of these factors are 3553(a) factors that should be considered in allowing Mrs. Sherlock to depart from the Guideline provisions.

In looking at the sentencing range provided by the Sentencing Commission and as mentioned before, the PSI indicates the guidelines provide for a sentencing range for Mrs. Sherlock of twenty-seven (27) to thirty-three (33) months.  She also wishes for the Court to look at the guideline provisions as advisory and use the sentencing characteristics from 3553(a) to apply a variance to the guidelines and allow her sentencing possibilities to vary from the

mandatory minimum twenty-seven (27) months. Mrs. Sherlock has lived and raised her family here in South Carolina. She understands the severity of the charge to which she has pled and she wishes to accept punishment, move on, and not do anything further to harm the people of or disrespect the integrity of the rules that apply here in South Carolina.

### IV. CONCLUSION

As discussed herein, regardless of the advisory guideline calculations, several mitigating factors exist that this Court should consider in determining sentence for Mrs. Sherlock that is sufficient but not greater than necessary to achieve the goals of sentencing under 18 U.S.C. 3553(a). As always, there is also an additional factor of saving a significant amount of money for the Federal Government with allowing Mrs. Sherlock to serve her sentence imposed by the Court by being on probation as opposed to incarceration. In closing, Mrs. Sherlock respectfully requests the Court to consider a downward variance from the guideline provisions by closely examining the mitigating factors listed above from 3553(a) and fashion a sentence for Mrs. Sherlock to serve a sentence of probation based on her quick acceptance of responsibility and her cooperation with local authorities in this prosecution. This is a fair and just sentence that would allow Mrs. Sherlock to continue to be a contributing member of society while still upholding respect, with the proper deterrence factor, for the laws in this State. Mrs. Sherlock believes this sentence to be a fair and equitable result for her case under applicable law.

Respectfully Submitted,

s/ Peter M. McCoy, Jr.

Peter M. McCoy, Jr. #9896
Attorney for Mary Rita Sherlock